## STUDEBAKER v STUDEBAKER

Ohio Appeals, 2nd Dist, Franklin Co

No 2503.   Decided Feb 26, 1935

Ballard & Hensel, Columbus, for plaintiff in error.

Pretzman, Dillon & Craig, Columbus, for defendant in error.

## OPINION

By BARNES, J.

There are two questions for determination in the above entitled cause.   First, defendant in error files motion to dismiss the petition and proceedings in error on the ground that this court has no jurisdiction to hear the cause.   Counsel for defendant in error, in support of their motion, file memoranda and brief, and we glean therefrom that the motion is based on the theory that the proceedings in error seek to reverse the original order and judgment of the court granting divorce and making allowance for support of plaintiff and her child.   If the proceedings in error does challenge this original order, then the motion to dismiss would be well taken for the reason that error proceedings were not instituted within the time prescribed under the law.   Counsel for plaintiff in error denies that the error proceeding is an attack upon the original judgment and order of the court, but rather questions the judgment on application for modification of the original order.   The authorities are very clear that the order and judgment of the court denying the modification of an original order in an alimony, support or custody case, is a final order and may be reviewed on error proceedings.   The motion to dismiss the petition in error and error proceedings will be overruled and exceptions may be allowed.

Coming now to consider the judgment and orders of the lower court, from which error was prosecuted in this court; we call attention to the following short narrative of facts:   On May 8, 1934, Mildred W. Stu-

debaker was granted a divorce from her husband, George W. Studebaker. As and for alimony and support of herself and minor child, the court made an award of $100.00 per month, payable semi-monthly on the 1st and 15th of each and every month. There was also awarded to the wife as partial payment of permanent alimony all the household goods, furnishings, furniture and fixtures owned and used by the parties in their home. The Ford automobile was awarded to George W. Studebaker. The minor child, then four years of age, was given into the custody of the mother, with right of visitation to the father as follows: Right to call on said child once per month on the third Friday of each and every month, commencing with the month of May, 1934, said visitation right extending from four o'clock P. M. on said Friday and the defendant to return the child to the residence of the plaintiff by 12:00 o'clock noon on the next following Monday.

On June 4th following, on oral application of Mildred W. Studebaker, the court fixed June 10th, 1934, as the time in which the defendant, George W. Studebaker, should deliver to her the household furniture as per the former order of the court. The defendant failed to deliver the household goods and furniture as per order of the court, nor did he comply with the order requiring payment of $100.00 per month. He made one payment of $50.00 per month and tendered a second $50.00 payment, but same was not cashed for the reason that there was a notation thereon, "For June".

On June 11th, 1934, judgment was taken against George W. Studebaker by his father in the sum of approximately $1300.00 and execution issued and levy made on the household goods and furniture in question, then located in Greenville, Darke County, Ohio. On June 13th, 1934, the plaintiff, Mildred W., instituted contempt proceedings, charging failure to comply with the former order of the court.

On August 13, 1934, the defendant, George W., filed application for modification.

The hearing on contempt and the application for modification of former order were heard at one and the same time. The application for modification was denied. The defendant, George W., was held in contempt and ordered to purge himself within five days. These are the final orders from which error is prosecuted in this court.

The evidence taken as disclosed from the bill of exceptions consisted of the testimony of plaintiff and defendant and none other.

The application for modification of judgment and order of the court in a case of this character is only warranted under changed conditions. In the instant case the defendant, George W., filed an answer and cross-petition, but before the hearing the same was withdrawn and the defendant was not present during the original hearing. Following the judgment and order of the court granting the divorce making allowances for alimony and custody of the child and support, no motion for new trial was filed nor was any effort made to institute proceedings in error from said judgment.

In the few months following we fail to find any changed condition and hence the court was warranted in overruling the application for modification, and further this court is limited to the same question. This observation applies not only to the award for support but also to the custody of the child and right of visitation.

We find no error in overruling the application for modification.

The contempt proceedings, so far as it applies to the failure to deliver household furniture, etc., will not be given application for the reason that it appears that the property was seized under execution and levy by the father of George W. on his judgment. While it appears that the order to deliver was fixed as June 10th and the seizure on the execution was not made until the 11th, yet the judgment and order was not of such a character as to invoke the jurisdiction of the court under contempt proceedings. The plaintiff will be relegated to such proceeding as she may desire to bring to determine the rights of property as between herself and the judgment creditor.

Relative to the other branch of the contempt we think no adequate showing was made by the defendant why he did not comply with the court's order and pay the $100.00 per month. Under the facts as disclosed from the record, the trial court was warranted in its finding.

However, it appears from the record that the defendant gave a supersedeas bond in the sum of $600.00 in furtherance of his error proceeding in this court.

We are not advised whether or not defendant has been making any payments since the institution of his proceedings in error. If not, in the interests of good business, he certainly has impounded his salary so as to have available the amount due after the determination in this court. In any event, the bond, if good, and we must indulge the presumption that it is, would

take the place of the order of the court. It is apparent from the lapse of time that the bond will not cover the entire period of default unless defendant has been making payments in the interim. It must be recognized that sending the defendant to jail for contempt would not furnish defendant the support money, and probably would result in defendant losing his position. While not finding any error in the court's order of contempt so far as it referred to the failure to pay the $100.00 per month, yet the giving of the bond has brought about a changed condition, and defendant should be given the further opportunity to purge himself by meeting the obligation of the bond and paying any balance due.

Cause will be remanded for further proceedings according to law.

Exceptions will be allowed to the plaintiff in error. Costs will be taxed against plaintiff in error.

KUNKLE, PJ, concurs.

HORNBECK, J.

I concur in the judgment with this exception, I would go further and support the finding of the trial court that the defendant was contemptuous in failing to observe the order of the court to deliver the personal property to the plaintiff on the 10th of June, 1934.